# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MNM INVESTMENTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-1267-EFM-KGG |
| | ) |
| HDM, INC. and DEREK McCLOUD, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER ON
## MOTION TO CONDUCT EARLY DISCOVERY

Before the Court is the "Motion to Conduct Early Discovery" filed by Plaintiff MDM Investments, Inc. (Doc. 12.) After review of the relevant filings, the Court **DENIES** Plaintiff's motion.

## FACTUAL BACKGROUND

This case involves claims of trademark infringement brought by Plaintiff, who contends to own "the intellectual property associated with the manufacture of high-end cruiser-style motorcycles under the 'Big Dog Motorcycles' brand." (Doc. 12, at 1.) Plaintiff further contends that Defendant HDM was "authorized to use certain Big Dog intellectual property pursuant to the terms of . . . the licensing

1

agreement" between the parties, but that this license expired in November 2017. (*Id.,* at 1-2.) Plaintiff contends that Defendant HDM "has refused to cease using Big Dog's intellectual property for its own benefit and has continued to manufacture and sell Big Dog branded products, and products built using Big Dog designs." (*Id.*, at 2.) Defendant contends that its "activities are, and always have been, fully authorized" under the parties' agreement. (Doc. 17, at 1.)

## **ANALYSIS**

The timing and sequence of discovery is governed by Fed.R.Civ.P. 26(d)(1), which provides, in relevant part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." As of the filing of Plaintiff's motion and reply, the parties had not conferred as required by Rule 26(f). Therefore, Plaintiff may only obtain the early discovery requested upon the parties' stipulation or by Court order.[1]

Courts in this District apply the "reasonableness" or "good cause" test to determine whether to allow expedited discovery. ***Bradley by and through King v. United States***, No. 16-1435-EFM-GLR, 2017 WL 1210095, at *3 (D. Kan. April 3,

---

[1] Once the conference has occurred – and if the conference has already occurred – the parties are free to engage in discovery. *See* Fed.R.Civ.P. 26(d), (f)(1).

2017). Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Sunflower Elec. Power Plant Corp. v. Sebelius*, No. 08-2575-EFM-DWB, 2009 WL 774340, at *2 (D. Kan. Mar. 20, 2009) (quoting *Disability Rights Council of Greater Washington v. Washington Metro. Area Trans. Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006)). "The party seeking the expedited discovery in advance of a Rule 26(f) conference bears the burden of showing good cause for the requested departure from usual discovery procedures." *HydroChem LLC v. Keating*, No. 17-1281-JTM-TJJ, 2017 WL 5483441, at *1 (D. Kan. Nov. 15, 2017) (citing *Teran v. GB Int'l S.P.A.*, No. 11-CV-2236-JAR-DJW, 2011 WL 5005997, at *2 (D. Kan. Oct. 20, 2011)). The Court will thus analyze these five factors.

As for the first factor, while Plaintiff states that "early discovery may be used if preliminary injunctive relief is sought," the fact remains that no preliminary injunction is currently pending. This weighs against allowing the early discovery. Plaintiff notes, however, that

> in cases involving infringement or unfair competition such as this one, the fact that a motion for preliminary injunction is not yet on file is less important when deciding whether to grant expedited discovery because

> discovery on 'an expedited basis may very well lead to evidence of continuing infringement by [the defendant] or others; it may also lead to the discovery of future plans to infringe or the discovery of additional infringing merchandise.'' *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 473 (S.D.N.Y. 1990).

(Doc. 12, at 7.) Plaintiff argues that this goes hand-in-hand with the third factor – the purpose for requesting the expedited discovery. Plaintiff contends it needs the discovery to uncover "evidence of irreparable harm to Plaintiff so as to support a request for an injunction." (*Id.*)

The second factor, however, the breadth of the discovery requests, weighs against allowing the early discovery. "Plaintiff desires to serve certain third-party subpoenas for purposes of identifying HDM purchase and sales activity associated with Big Dog intellectual property." (Doc. 12, at 5.) That stated, Plaintiff "fails to name any specific non-parties to which it intends to direct early discovery, and it does not attach any proposed discovery requests that the Court and the Defendants could evaluate." (Doc. 17, at 3.) That alone would, in the Court's opinion, be a sufficient reason to deny Plaintiff's motion. Plaintiff's reply brief, however, states that "it intends to subpoena the suppliers [Defendant] HDM referenced in its Answer which was filed a few hours before this reply brief." (Doc. 24, at 8.) These suppliers include Millennium Machine & Tool Company, Garner Industries, Laube Technologies, QTM Brembo, Elecsys Corporation, Koronis Manufacturing,

Hot Action Sportswear, and SunMyth and Zodiac Enterprises Limited. Plaintiff states that "[f]or each of these vendors, Plaintiff will request Defendant's purchase history and communications relating to Plaintiff's trademarks or other intellectual property, including design information. Plaintiff also intends to subpoena Defendant's purchase and sales history on eBay" from 2013 to present. (Doc. 24, at 8.)

While the Court has not seen the proposed subpoenas themselves, based on Plaintiff's representations, the "broad nature of the expedited discovery requested by Plaintiff is not consistent with the limited, narrowly tailored discovery this Court has permitted in prior cases in which it granted requests for expedited discovery." **HydroChem**, 2017 WL 5483441, at *2 (quoting ***Thermal Sols., Inc. v. Imura Int'l U.S.A. Inc.***, No. 08-CV-2220-JWL-DJW, 2008 WL 2561098, at *1 (D. Kan. June 26, 2008) (court allowed plaintiff to send one interrogatory to each corporate defendant, asking for the current residential address of an individual defendant); ***Dougherty Funding, LLC v. Gateway Ethanol, LLC***, No. 08-CV-2213-JWL, 2008 WL 2354965, at *1 (D. Kan. June 5, 2008) (court granted unopposed expedited discovery regarding citizenship of members of plaintiff LLC); **Teran**, 2011 WL 5005997, at *3 (court allowed limited discovery regarding issue of personal jurisdiction)).

The fourth factor is the burden on the defendants to comply with the requests. Plaintiff contends that "because the subjects of the subpoenas are third-parties, there will be no burden or prejudice to Defendants." (Doc. 12, at 8.) As Defendant points out, however, non-parties are "'generally offered heightened protection from discovery abuse.'" (Doc. 17, at 4 (quoting *Sasol N. Am., Inc. v. Kan. State Inst. for Commercialization*, No. 14-MC-218-JWL-KMH, 2014 WL 3894357, at *4 (D. Kan. Aug. 8, 2014).) Defendant also argues that "[a]t the very least, Plaintiff should explain why it needs unbounded discovery from non-parties without first attempting to obtain equivalent information through the normal discovery process from the parties to the case." The Court agrees.

All things considered, the Court finds that Plaintiff has failed to establish good cause to engage in early discovery against certain unnamed third parties. Plaintiff's motion is **DENIED**.[2]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Conduct Early Discovery (Doc. 12) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 6th day of December, 2018.

---

[2] Again, however, once the conference has occurred, the parties are free to engage in discovery. *See* Fed.R.Civ.P. 26(d), (f)(1).

s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge