## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MNM INVESTMENTS, LLC,        )
                                    )
            *Plaintiff,*       )
                                    )
v.                            )     Case No.: 18-1267-EFM-KGG
                                    )
HDM, INC. and DEREK MCCLOUD,   )
                                    )
            *Defendants.*     )
_____)
                                    )
HDM, INC.,                     )
                                    )
       *Counterclaim-Plaintiff,*   )
                                    )
v.                            )
                                    )
MNM INVESTMENTS, LLC,       )
KANSAS MOTORCYCLE WORKS, LLC, )
And MATTHEW MOORE,         )
                                    )
       *Counterclaim-Defendants.*   )

## MEMORANDUM & ORDER DENYING
## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Now before the Court is Plaintiff MNM Investments, LLC ("MNM") motion

seeking a protective order "quashing in part defendants' amended notice of

deposition to plaintiff." (Doc. 96.) Defendants have responded (Doc. 102), but

Plaintiff chose not to file a reply and the time to do so has expired. D. Kan. Rule

6.1(d)(1).  Having reviewed the submissions of the parties, Plaintiff's motion is

**DENIED** for the reasons set forth below.

## BACKGROUND

The motion now before the Court arises from a case alleging breach of contract and trademark infringement.  (Doc. 4, at 15-19.)  Pursuant to Fed.R.Civ.P. 26(c), Plaintiff seeks a protective order "quashing in part the notice of deposition issued by Defendants HDM, Inc. and Derek McCloud."  (Doc. 97, at 1.)  Defendants seek to depose a representative of MNM under Fed.R.Civ.P. 30(b)(6) as to the "identification of Design Information and allegedly protectable elements thereof."  (Doc. 81-1, at 4.)

Plaintiff argues that the topic is "overbroad, seeks information that is outside of the permissible scope of discovery, and the burden and expense that would be imposed upon MNM by furnishing the requested discovery far outweighs its benefit."  (Doc. 97, at 1.)  Defendants oppose the motion "because the topic is relevant to the parties' claims and defenses, and MNM has repeatedly asserted the protectability of Design Information in pleadings, discovery, motions and testimony."  (Doc. 102, at 3.)  As such, Defendants contend that the proposed deposition topic "falls clearly within the scope of relevance under Federal Rule of Civil Procedure 26."  (*Id.*)

## ANALYSIS

## I.     Legal Standard

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case,
> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit. Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

As such, the requested information must be both nonprivileged and relevant to be

discoverable.  Federal Rule of Civil Procedure 26(c) governs protective orders and

provides, in relevant part:

> A party or any person from whom discovery is sought
> may move for a protective order in the court where the
> action is pending.... The motion must include a
> certification that the movant has in good faith conferred
> or attempted to confer with other affected parties in an
> effort to resolve the dispute without court action. The
> court may, for good cause, issue an order to protect a
> party or person from annoyance, embarrassment,
> oppression, or undue burden or expense, including one or
> more of the following:
>
> * * *
>
>> (A) forbidding the disclosure or discovery;
>>
>> (B) specifying terms, including time and place, for
>> the disclosure or discovery;
>
> * * *

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

\* \* \*

(F) requiring that a deposition be sealed and opened only on court order;....

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a notice of deposition must show "good cause" for the requested protective order. *Id.*; *Sloan v. Overton*, No. 08–2571–JAR–DJW, 2010 WL 3724873 (D. Kan. Sept. 17, 2010). To establish "good cause" within the meaning of Rule 26(c), the movant "must clearly define the potential injury to be caused by requested discovery." *Purewave Networks, Inc. v. Stutler Tech. Corp.*, No. 13-2181-EFM-KGG, 2013 WL 6179183, at *1 (D. Kan. Nov. 25, 2013). Further, "the moving party must make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *hibu Inc. v. Peck*, No. 16-1055-JTM-TJJ, 2017 WL 2831511, at *2 (D. Kan. June 30, 2017) (citation omitted).

## II.    Relevance

Plaintiff contends that the deposition topic at issue here "has no bearing on any issue in controversy." (Doc. 97, at 5.) Plaintiff argues that the topic relates to an element of copyright infringement, despite there being no claims of copyright infringement as issue in this case. (Doc. 97, at 2.) Plaintiff maintains that

> 'Design Information' as defined in the License
> Agreement is 'protectable' – but by virtue of the contract
> between the parties, and not on the basis of the copyright-
> able nature of any subject matter within the scope of
> 'Design Information,' as defined by the License.

(Doc. 97, at 4.)

Defendants respond that they seek "testimony as to what [Plaintiff] considers to be proprietary 'Design Information,' and any underlying legal basis for [Plaintiff's] control over it." (Doc. 102, at 9.) Thus, Defendants contend the proposed deposition topic "is relevant on its face because it pertains to [Plaintiff's] breach of contract claim and its requested injunctive relief." (*Id.*)

Defendant points out that Plaintiff's Amended Complaint contains allegations that Plaintiff

> licensed the Design Information to [Defendant] HDM,
> and that [Defendant] is in breach of contract by
> continuing to use Design Information past the license's
> term.[1] It further seeks 'an injunction restraining
> [Defendant] from further misuse of Big Dog's
> intellectual property.' [Plaintiff] even sought a
> preliminary injunction restraining [Defendant] from
> 'using the Big Dog Design Information or
> manufacturing, selling, or offering for sale goods derived
> from Big Dog Design Information.' Although the Court
> denied preliminary injunctive relief, [Plaintiff] still seeks
> a permanent injunction prohibiting the same activity.
> [Defendant's] Topic 11 seeks to determine what
> [Plaintiff] considers 'Design Information,' and any legal
> basis for [Plaintiff's] ability to control [Defendant's]

---

[1] The Court notes that Defendants contest the validity of the license agreement.

‘use’ of Design Information in its regular business
activity.

(*Id*., at 9-10 (internal citations omitted).)  Defendant continues that it "has claimed

that [Plaintiff] has 'no right to the Old Big Dog tooling and designs' that are used

to make Big Dog motorcycle parts."  (*Id*., at 10 (internal citation omitted).)  As

such, Defendant argues that "[w]hether [Plaintiff] can provide a legal basis for

control over the Design Information independent of its alleged License Agreement

directly impacts [Defendant's] legal rights to make parts, especially since

[Defendant] contests the validity of the License Agreement."  (*Id*.)  The Court

finds that Defendants have adequately established the relevance of the requested

deposition topic.

## III.    Burdensomeness

Plaintiff also argues that the burden and expense of the proposed discovery

outweighs its important to this case.  (Doc. 97, at 6.)  Plaintiff states that "[t]he

practical burden of preparing a deponent to provide the discovery defendants have

requested is substantial," and that "[t]he benefit of the proposed discovery,

conversely, is virtually nonexistent."  (*Id*.)

Defendants respond that Plaintiff "has not provided any facts showing how

[Defendants'] proposed discovery is unduly burdensome."  (Doc. 102, at 11.)

Rather, according to Defendants, Plaintiff relies only on conclusory statements in

an effort to establish undue burden. (*Id*.) Defendants are correct that this is "insufficient to merit a protective order under Rule 26(c)." (*Id*. (citing ***Cotton v. Costco Wholesale Corp.***, No. 12-2731-JWL, 2013 WL 3819975, at *2 (D. Kan. July 24, 2013) (denying a requested protective order as to deposition topics where movant offered only "conclusory statements about relevance without providing a more detailed explanation as to why these topics should be excluded or limited").) Plaintiff's motion (Doc. 96) is, therefore, **DENIED**.

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order (Doc. 96) is **DENIED** as set forth more fully herein.

      IT IS SO ORDERED.

      Dated this 17th day of September, 2019, at Wichita, Kansas.

                         S/ KENNETH G. GALE

                         HON. KENNETH G. GALE

                         U.S. MAGISTRATE JUDGE