# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MNM INVESTMENTS, LLC, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| HDM, INC. and DEREK MCCLOUD, | ) |
| *Defendants*. | ) |
| _____ | ) Case No.: 18-1267-EFM-KGG |
| HDM, INC., | ) |
| *Counterclaim-Plaintiff*, | ) |
| v. | ) |
| MNM INVESTMENTS, LLC, KANSAS MOTORCYCLE WORKS, LLC, And MATTHEW MOORE, | ) |
| *Counterclaim-Defendants*. | ) |
| _____ | ) |

## **MEMORANDUM & ORDER ON PENDING DISCOVERY MOTIONS**

Now before the Court is the Motion to Quash the second non-party business subpoena filed by Millennium Machine and Tool, Inc. (hereinafter "Millennium"). The subpoena was served by Plaintiff MMM Investments ("MNM"). The Court – and Plaintiff – notes that the subpoena is largely similar to the one that was the subject of Plaintiff's Motion to Compel Discovery (Doc. 129) and Millennium's

1

Objection to/Motion to Quash Non-Party Business Records Subpoena (Doc. 134). The Court previously granted Plaintiff's motion to compel and denied Millennium's motion to quash to the initial subpoena. (*See* Doc. 144.) For the reasons set forth herein, the Court again denies Defendant's Motion to Quash. (Doc. 146.)

## BACKGROUND

The case arises from an alleged breach of contract, trademark infringement, and counterfeiting brought by MNM, the manufacturer of Big Dog Motorcycles against HDM, a former parts supplier. (Doc. 4, at 15-19.) HDM filed a counterclaim, which includes a claim that it, not MNM, is the owner of the marks at issue. The relationship of the parties and facts/status of this lawsuit have been previously briefed in connection with MNM's Motions for Partial Summary Judgment (Doc. 62) and for Preliminary Injunction (Doc. 76). The procedural history was also summarized in MNM's Motion to Amend the Scheduling Order. (Doc. 111). Those summaries are incorporated herein by reference.

As mentioned above, the Court previously granted Plaintiff's motion to compel and denied Millennium's motion to quash the initial subpoena. (Doc. 144.) Subsequently, Plaintiff issued a new and identical subpoena on March 2, 2020 (the "second subpoena"). (Doc. 141.) Millennium, who is not a party to this litigation and not bound by the Scheduling Order, notes that this is 24 days after the close of

2

discovery in this case. (Doc. 146, at 2; *see also* Doc. 115.) The Court, however, notes that there is a pending Motion to Amend Scheduling Order (Doc. 124), which includes a request to extend the discovery deadline 90 days, in part to engage in this very third-party discovery. As such, the Court is not persuaded by Millennium's argument as to the timing of the subpoena.

As in its prior motion to quash, Millennium again spends significant time arguing technical issues, this time focusing on the second subpoena as "not properly served or effective because Plaintiff failed to pay the required mileage and attendance fees for [Millennium] to appear as directed." (Doc. 146, at 2.) The Court considered Millennium's technical arguments in the prior motion to quash. Therein, the Court found the interests of judicial economy to be better served by focusing on the substantive, rather than technical, issues surrounding the subpoena. (Doc. 144, at 16.) The Court finds no reason to treat this subpoena differently. Thus, the Court will again address the substance of the information sought by the subpoena.

## **LEGAL STANDARD FOR DISCOVERY**

Fed. R. Civ. P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. ***Holick v. Burkhart***, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

## **ANALYSIS**

The following categories of documents sought by the subpoena at issue are identical to those sought by the first subpoena:

> 1. Communications during the Relevant Period with Derek McCloud, Donna McCloud, HDM, Inc., or any employee, agent, or independent contractor of Derek McCloud, Donna McCloud, or HDM, Inc.
>
> 2. Documents Relating to any agreements with Derek McCloud, Donna McCloud or HDM , Inc., or any employee, agent, or independent contractor of Derek McCloud, Donna  McCloud, or H M , Inc.
>
> 3. Documents Relating To your sale or manufacture of any products during the Relevant Period that display any of the Marks either on the packaging or on the product itself.
>
> 4. Agreements with Big Dog Motorcycles, LLC, Motorcycle Enterprises, LLC, or Wichita Motorcycles, LLC.

4

> 5. Documents Relating To the resolution, settlement, or other disposition of the lawsuit captioned Millennium Machine and Tool, Inc. v. Big Dog Motorcycles, LLC, Case NO. 14 LM 15233, in the District Court of Sedgwick County, Kansas.
>
> 6. Documents Relating to Your alleged right to manufacture parts or accessories for Big Dog Motorcycles.
>
> 7. Documents Relating To any litigation or dispute between Derek McCloud, Donna McCloud, or HDM, Inc., on the one hand, and MNM Investments, Inc., Kansas Motorcycle Works, LLC, or Matt Moore on the other.
>
> 8. Documents Relating To revenue or other value derived from the sale or marketing of products that display any of the Marks either on the packaging or on the product itself.
>
> 9. Documents Relating To the design, repair, maintenance, service, manufacture, or fabrication of either Big Dog motorcycles or parts or accessories utilized in connection with Big Dog motorcycles, including, but not limited to, photography, blueprints, mock ups, templates, models, prototypes, exploded parts views, part drawings, and CAD files.

(Doc. 134, at 8-9; Doc. 149-2, at 5-6.)

In the present motion, Millennium argues that categories 2, 4, 6 – 9 are vague as to a time frame. (Doc. 146, at 2.) The Court notes that these categories do not state a particular time period. *See supra*. As such, they request all such documents that exist. While an argument could be made that the lack of a

temporal limitation as to documents sought is objectionable on other grounds, the Court does not find this to be "vague." Further, as explained by Plaintiff in response to Millennium's prior motion, these categories are "more targeted and required no temporal limitation given the nature of the documents requested." (*See* Doc. 140, at n.5.) The Court thus **overrules** Millennium's vagueness objection as to these categories.

Millennium also objects that categories 1, 5, and 9 are "unduly burdensome given the search for such information, the years that have past [sic] since MMTI did any work for Big Dog Motorcycles, and the fact that Plaintiff's counsel has documents responsive to request 5 in its firm already." (*Id.*) As with its prior motion, Millennium again has not indicated *how* the stated time period is "unduly burdensome." "A proper objection to a discovery inquiry should state the specific grounds for the objection." **U.S. ex rel. Minge v. Tect Aerospace, Inc.**, No. 07-1212-MLB-KGG, 2011 WL 1885934, *3 (D. Kan. May 18, 2011) (reaching this conclusion in regard to responses to discovery requests). "Such boilerplate objections are useless and should be avoided." *Id*.

Simply stated, Millennium has the burden to establish that the subpoena should be quashed as the party resisting the discovery. (*Id.*, at 9-10 (citing **Holick v. Burkhart**, No. 16-1188-JTM-KGG, 2017 WL 3723277, at *6 (D. Kan. Aug. 29,

6

2017) (internal citation omitted) (conclusion reach in context of third-party subpoenas).) Millennium has again failed to do so.

Finally, Millennium contends that the subpoena seeks "confidential and or trade secret information that would need to be protected by the Protective Order in this case if [Millennium] is required to produce and such would need to be Attorney Eyes Only." (Doc. 146, at 2.) As stated in the prior Order, the Court instructs Millennium to respond to the subpoena and avail itself of the Protective Order entered in the case when proprietary or trade secret information is implicated. (Doc. 144, at 18.)

As such, the Court **DENIES** the Objection/Motion to Quash filed by third-party Millennium (Doc. 146). In so holding, the Court instructs Millennium to provide a supplemental response to the subpoena **within thirty (30) days of the date of this Order**.

IT IS THEREFORE ORDERED that the Objection to Second Non-Party Business Records Subpoena, Motion to Quash, and Motion for Protective Order filed by Millennium (Doc. 146) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 15th day of April, 2020.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
